UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KAREN NELSON, Personal
Representative of the Estate of CHARLES
WILBUR NELSON, III, deceased

      Plaintiff,

v.

AERONAUTICAL ACCESSORIES, INC.,
BELL HELICOPTER TEXTRON, INC.,
EDWARDS AND ASSOCIATES, INC.,
PHI AIR MEDICAL, INC. A/k/a PHI, INC.
f/k/a/ PETROLEUM HELICOPTERS,
INC., SIKORSKY AIRCRAFT
CORPORATION, SIKORSKY
INTERNATIONAL PRODUCTS, INC.,
and SIKORSKY SUPPORT SERVICES,
INC., d/b/a SIKORSKY AEROSPACE
MAINTENANCE

      Defendants.

Case No: 3:09-cv-00512-MCR-MD

## ANSWER AND DEFENSES OF SIKORSKY AIRCRAFT CORPORATION TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH

NOW COMES Defendant, SIKORSKY AIRCRAFT CORPORATION, (hereinafter, "Sikorsky") and, for its answer and defenses to the first amended complaint for wrongful death brought by Karen Nelson as personal representative of The Estate of Charles Wilbur Nelson, III, deceased, states as follows:

## ALLEGATIONS AS TO ALL COUNTS

1. Defendant, Sikorsky, denies the allegations of paragraph 1, except to admit that the accident that is the basis of this litigation resulted in the death of Charles Wilbur Nelson, III and the damages sought exceed the minimum jurisdictional limits of this court.

2. Defendant, Sikorsky, denies the allegations of paragraph 2 for lack of sufficient information.

3. Defendant, Sikorsky, denies the allegations of paragraph 3 for lack of sufficient information.

4. Defendant, Sikorsky, denies the allegations of paragraph 4 for lack of sufficient information.

5. Defendant, Sikorsky, denies the allegations of paragraph 5 for lack of sufficient information.

6. Defendant, Sikorsky, denies the allegations of paragraph 6, except to admit that Sikorsky Aircraft Corporation is a foreign corporation incorporated under the laws of the State of Delaware, with its principle place of place in the State of Connecticut; it is authorized to conduct, and does conduct business in the State of Florida.

7. Defendant, Sikorsky, denies the allegations of paragraph 7 for lack of sufficient information.

8. Defendant, Sikorsky, admits the allegations of paragraph 8 upon information and belief.

9. Defendant, Sikorsky, denies the allegations of paragraph 9, except to admit that on January 4, 2009, Mr. Nelson was being transported in a helicopter owned by PHI and operated by PHI pilots, which helicopter was originally manufactured and sold by Sikorsky to PHI, subsequent to which sale, and prior to the accident made the basis of this litigation, said helicopter was substantially altered and modified without the knowledge, participation or involvement of Sikorsky. Defendant, Sikorsky, admits that the windshield installed in the helicopter at the time of the accident was designed, engineered, manufactured, tested, marketed and installed in the aircraft by parties other than Sikorsky, and that, as a result of the accident of January 4, 2009, Mr. Nelson lost his life.

10. Defendant, Sikorsky, admits the allegations of paragraph 10.

11. Defendant, Sikorsky, denies the allegations of paragraph 11 as far as they relate to the subject matter of this litigation, the aircraft involved in this litigation having been designed, manufactured, sold, and delivered by Sikorsky to PHI within the State of Connecticut.

12. Defendant, Sikorsky, denies the allegations of paragraph 12, except to admit admit that Sikorsky originally designed, manufactured, assembled and sold the subject helicopter to PHI, which helicopter was, subsequent to said sale and prior to the time of the accident made the basis of this litigation, substantially altered and modified, without the knowledge, participation or involvement of Sikorsky by others with regard to whom Sikorsky had neither control nor responsibility.

13. Defendant, Sikorsky, denies the allegations of paragraph 13 for lack of

sufficient information.

14. Defendant, Sikorsky, denies the allegations of paragraph 14, except to admit, upon information and belief, that, subsequent to the original sale and delivery of the subject aircraft by Sikorsky to PHI, the original glass laminated windshield installed therein by Sikorsky as original equipment was removed by PHI and replaced with a windshield manufactured by AAI, which windshield was subsequently also replaced by PHI with another windshield manufactured by AAI, which windshield was the windshield installed at the time of the accident.

15. Defendant, Sikorsky, denies the allegations of paragraph 15, specifically contending that, subsequent to the original sale and delivery of the subject aircraft by Sikorsky to PHI, and prior to the accident made the basis of this litigation, the subject aircraft was substantially altered and modified, without the knowledge, participation, or involvement of Sikorsky.

16. Defendant, Sikorsky, denies the allegations of paragraph 16, specifically contending that, subsequent to the original sale and delivery of the subject aircraft by Sikorsky to PHI, and prior to the accident made the basis of this litigation, the subject aircraft was substantially altered and modified, without the knowledge, participation, or involvement of Sikorsky.

17. Defendant, Sikorsky, denies the allegations of paragraph 17 for lack of sufficient information.

18. Defendant, Sikorsky, denies the allegations of paragraph 18 for lack of

sufficient information.

19. Defendant, Sikorsky, denies the allegations of paragraph 19, except to admit that Sikorsky originally sold the subject helicopter to PHI, subsequent to which sale, and prior to the time of the accident made the basis of this litigation, the subject helicopter was substantially altered and modified, without the knowledge, participation or involvement of Sikorsky by parties with regard to whom Sikorsky had neither control nor responsibility. As such, Sikorsky denies any fault, neglect, responsibility or liability, joint, several, individual or otherwise with regard to the accident made the basis of this litigation.

## COUNT I - NEGLIGENCE OF SIKORSKY

Defendant, Sikorsky, reasserts its answers to the above allegations common to all counts as if set forth fully herein.

20. Defendant, Sikorsky, objects to the allegations of paragraph 18 [sic] of Count I as they constitute a conclusion of law. Otherwise, defendant, Sikorsky, denies any breach of any duty allegedly owed as contended in the allegations of paragraph 18 of Count I.

21. Defendant, Sikorsky, denies the allegations of paragraph 19 [sic] of Count I.

22. Defendant, Sikorsky, objects to paragraph 20(a) [sic] of Count I as being insufficiently specific as to allow for a reasonable response and, without waiving said objection, denies said allegations. Defendant, Sikorsky, denies the allegations of paragraph 20(b) through (e) [sic] of Count I and further states that the glass laminated windshield

installed as original equipment in this subject aircraft by Sikorsky had been removed subsequent to the sale and delivery of the aircraft by Sikorsky, and the windshield assembly installed in the subject aircraft at the time of the accident made the basis of this litigation was neither designed, manufactured nor installed by Sikorsky.

23. Defendant, Sikorsky, objects to the allegations of paragraph 21 [sic] of Count I on the basis that said allegations represent pure speculation. However, in an abundance of caution, said allegations are denied.

24. Defendant, Sikorsky, denies the allegations of paragraph 22(a) through (d) [sic] of Count I and prays for TRIAL BY JURY.

## COUNT II - NEGLIGENCE OF AERONAUTICAL, BELL AND EDWARDS

Defendant, Sikorsky, reasserts its answers to the above allegations common to all counts as if set forth fully herein.

25. The allegations of paragraph 23 [sic] of Count II are not directed to this defendant and are objected to on the basis that they set forth conclusions of law. In an abundance of caution, said allegations are denied as far as they may relate to any contentions of fault, neglect, liability, or responsibility on the part of this defendant.

26. The allegations of paragraph 24 [sic] of Count II are not directed to this defendant, who does not possess the requisite information to either deny or admit said allegations at the present time.

27. The allegations of paragraph 25(a) through (b) [sic] of Count II are not directed to this defendant, who does not possess the requisite information to either deny or

6

admit said allegations at the present time. The allegations of paragraph 25(c) [sic] of Count II are not directed to this defendant, who does not possess the requisite information to either deny or admit said allegations at the present time except to admit, upon information and belief, that AAI initially placed the windshield installed in the helicopter at the time of the accident in the stream of commerce. The allegations of paragraph 25(d) [sic] of Count II are not directed to this defendant, who does not possess the requisite information to either deny or admit said allegations at the present time. The allegations of paragraph 25(e) [sic] of Count II are not directed to this defendant, who does not possess the requisite information to either deny or admit said allegations at the present time.

28. Defendant, Sikorsky, objects to the allegations of paragraph 26 [sic] of Count II as consisting of pure speculation and, without waiving said objection, denies said allegations.

29. The allegations of paragraph 27(a) through (d) [sic] of Count II are not directed toward this defendant. However, in an abundance of caution, said allegations are denied as far as they relate to any allegations of fault, neglect, liability, or responsibility on the part of this defendant, who also prays for TRIAL BY JURY.

## COUNT III - NEGLIGENCE OF PHI

Defendant, Sikorsky, reasserts its answers to the allegations common to all counts as if set forth fully herein.

30. The allegations of paragraph 28 [sic] of Count III are not directed to this defendant and are objected to on the basis that they set forth conclusions of law. In an

abundance of caution said allegations are denied as far as they may relate to any contentions of fault, neglect, liability, or responsibility on the part of this defendant.

31.  The allegations of paragraph 29 [sic] of Count III are not directed to this defendant, who does not possess the requisite information to either deny or admit said allegations at the present time.

32.  The allegations of paragraph 30(a) through (e) [sic] of Count III are not directed to this defendant, who does not possess the requisite information to either deny or admit said allegations at the present time.

33.  Defendant, Sikorsky, objects to the allegations of the second paragraph 30 [sic] in Count III Count III as consisting of pure speculation and, without waiving said objection, denies said allegations.

34.  The allegations of paragraph 31(a) through (d) [sic] in Count III are not directed toward this defendant. However, in an abundance of caution, said allegations are denied as far as they relate to any allegations of fault, neglect, liability, or responsibility on the part of this defendant, who also prays for TRIAL BY JURY.

## COUNT IV - STRICT PRODUCTS LIABILITY OF SIKORSKY

Defendant, Sikorsky, reasserts its answers to the above allegations common to all counts as if set forth fully herein.

35.  Defendant, Sikorsky, objects to the allegations of paragraph 32 [sic] of Count IV as they constitute conclusions of law. Otherwise, Sikorsky denies any breach of any duties allegedly owed as contended in the allegations of paragraph 32.

8

36. Defendant, Sikorsky, objects to the allegations of paragraph 33 [sic] of Count IV as they constitute conclusions of law. Otherwise, Sikorsky denies any breach of any duties allegedly owed as contended in the allegations of paragraph 33.

37. Defendant, Sikorsky, denies the allegations of paragraph 34 of Count IV.

38. Defendant, Sikorsky, denies the allegations of Article 35(a) [sic] of Count IV. Defendant, Sikorsky, denies the allegations of paragraph 35(b) through 35(e) [sic] of Count IV and further answers that the windshield assembly originally delivered with the subject helicopter, as sold and delivered by Sikorsky to PHI, was removed from the subject aircraft prior to the date of the accident made the basis of this allegation by parties other than Sikorsky and replaced with a windscreen manufactured by a party other than Sikorsky.

39. Defendant, Sikorsky, denies the allegations of paragraph 35(c) [sic] of Count IV and further answers that the windshield assembly originally delivered with the subject helicopter, as sold and delivered by Sikorsky to PHI, was removed from the subject aircraft prior to the date of the accident made the basis of this litigation by parties other than Sikorsky and replaced with a windscreen manufactured by a party other than Sikorsky.

40. Defendant, Sikorsky, denies the allegations of paragraph 36 [sic] of Count IV.

41. Defendant, Sikorsky, denies the allegations of paragraph 37(a) through (d) [sic] of Count IV and prays for TRIAL BY JURY.

## COUNT V - STRICT PRODUCTS LIABILITY OF AERONAUTICAL, BELL and EDWARDS

Defendant, Sikorsky, reasserts its answers to the above allegations common to all counts as if set forth fully herein.

42.     The allegations of paragraph 38 [sic] of Count V are not directed to this defendant. Defendant, Sikorsky, objects to the allegations of paragraph 38 as they constitute conclusions of law.

43.     The allegations of paragraph 39 [sic] of Court V are not directed to this defendant. Defendant, Sikorsky, objects to the allegations of paragraph 39 as they constitute conclusions of law.

44.     The allegations of paragraph 40 [sic] of Count V are objected to as being vague and overly broad. Further answering, defendant states that the windshield originally installed in the subject aircraft as originally sold and delivered by Sikorsky by PHI was a glass laminated windshield, which windshield was, subsequent to said sale and delivery, and prior to the accident made the basis of this litigation, removed from the subject aircraft by PHI and replaced by PHI with windshields neither designed nor manufactured by Sikorsky. Therefore, the allegations of paragraph 40 are denied as far as they relate to any fault, neglect, liability, or responsibility on the part of this defendant.

45.     The allegations of paragraph 41(a) through (b) [sic] of Count V are objected to as being vague and overly broad. There was no windshield assembly manufactured by Aeronautical, Bell, or Edwards originally installed in the subject aircraft

10

sold by Sikorsky to PHI. The windshield originally installed in the subject aircraft as originally sold and delivered by Sikorsky to PHI was a glass laminated windshield, which windshield was, subsequent to said sale and delivery, and prior to the accident made the basis of this litigation, removed from the subject aircraft by PHI and replaced by PHI with windshields neither designed nor manufactured by Sikorsky. Therefore, the allegations of paragraph 41(a) through (b) are denied as far as they relate to any fault, neglect, liability, or responsibility on the part of this defendant. The allegations of paragraph 41(c) [sic] of Count V are denied accept to admit, upon information and belief, that the windshield installed in the subject aircraft at the time of the accident made the basis of this litigation was placed into the stream of commerce by Aeronautical. The allegations of paragraph 41(d) and (e) [sic] of Count V are not directed to this defendant, who does not presently possess the necessary information to either admit or deny said allegations.

46. Defendant, Sikorsky, objects to the allegations of paragraph 42 [sic] of Count V as consisting of pure speculation and, without waiving said objection, denies said allegations.

47. The allegations of paragraph 43 [sic] of Count V are not directed to this defendant.

48. The allegations of paragraph 44(a) through (d) [sic] of Count V are not directed to this defendant, who prays for TRIAL BY JURY.

## COUNT VI - STRICT PRODUCTS LIABILITY OF PHI

Defendant, Sikorsky, reasserts its answers to the above allegations common to all

11

counts as if set forth fully herein.

49. The allegations of paragraph 38 [sic] of Count VI are not directed to this defendant. Defendant, Sikorsky, objects to the allegations of paragraph 38 as they constitute conclusions of law.

50. The allegations of paragraph 39 [sic] of Count VI are not directed to this defendant. Defendant, Sikorsky, objects to the allegations of paragraph 39 as they constitute conclusions of law.

51. The allegations of paragraph 40 [sic] of Count VI do not appear to be directed to this defendant. However, in an abundance of caution, Sikorsky objects to the allegations of paragraph 40 on the basis that said allegations are vague and overly broad, and, denies said allegations as far as they may relate to any contention of fault, neglect, liability, or responsibility on the part of this defendant.

52. The allegations of paragraph 41(a) through (e) [sic] of Count VI do not appear to be directed to this defendant. However, in an abundance of caution, Sikorsky denies said allegations as far as they may relate to any contention of fault, neglect, liability, or responsibility on the part of this defendant.

53. Defendant, Sikorsky, objects to the allegations of paragraph 42 [sic] of Count VI as consisting of pure speculation and, without waiving said objection, denies said allegations.

54. The allegations of paragraph 43 [sic] of Count VI do not appear to be directed to this defendant. However, in an abundance of caution, Sikorsky denies said

12

allegations as far as they may relate to any fault, neglect, liability, or responsibility on the part of respondent.

55.   Defendant, Sikorsky, denies the allegations of paragraph 50(a) through (d) [sic] of Count VI and prays for TRIAL BY JURY.

## ADDITIONAL AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

56.   Defendant, Sikorsky, alleges that the amended complaint and each and every purported cause of action contained therein fails to state facts sufficient to state a cause of action against Sikorsky upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

57.   Defendant, Sikorsky, alleges that the accident, injuries and damages alleged in the amended complaint were not caused by reason of any negligence, fault, liability or culpable conduct on the part of this defendant and Sikorsky denies that it is liable in any manner to plaintiff for the damages alleged in the amended complaint.   However, pleading in the alternative, Sikorsky alleges that, in the event that a determination is made that some negligence or fault of this answering defendant proximately contributed to the accident, injuries or damages alleged, this defendant alleges that one or more persons or entities, with regard to whom Sikorsky had neither control nor responsibility, was in some manner responsible for the injuries and damages alleged, and, by reason thereof, Sikorsky is entitled to an apportionment of damages among those persons or entities according to law.

## THIRD AFFIRMATIVE DEFENSE

58. Defendant, Sikorsky, alleges any damages proven to have been sustained by plaintiff in connection with the use or operation of a product originally manufactured by this answering defendant were solely and proximately caused by the improper use, misuse, abuse, alteration, and/or modification of said product by persons or entities with regard to whom this answering defendant had neither control nor responsibility. Such unforeseeable and improper use, misuse, abuse or alteration and/or modification was contrary to the intent, instructions, knowledge or approval of this answering defendant and occurred subsequent to the time upon which said product left the custody and control of Sikorsky.

## FOURTH AFFIRMATIVE DEFENSE

59. Defendant, Sikorsky, alleges that the product originally designed and manufactured by this answering defendant was not in normal use at the time of the accident made the basis of this litigation, due to the fact that it had been substantially altered and/or modified by parties other than this defendant subsequent to the time it had left this defendant's hands and prior to the date of the accident made the basis of this litigation and was not being operated in a safe and reasonable manner.

## FIFTH AFFIRMATIVE DEFENSE

60. Defendant, Sikorsky, is informed and believes, and, based upon such information and belief, alleges that, as to the amended complaint and each and every purported cause of action contained therein, plaintiff's decedent was acting in the course and scope of his employment and was protected by the Louisiana Workmans' Compensation Act

and/or the Longshoreman's and Harbor Workers' Compensation Act or compensation laws of another state of the United States; that payments have been, or will be made to plaintiff; and that recovery in this action should be reduced by the total amount of any and all payments and/or benefits paid by or on behalf of his employer according to applicable laws.

## SIXTH AFFIRMATIVE DEFENSE

61. Defendant, Sikorsky, alleges that all products planned, designed, manufactured, assembled, tested, inspected or sold by this answering defendant fully complied with all applicable government laws and regulations, industrial standards at the time the product left its hands and that such government laws and regulations, industrial standards and customs preempt in whole, or in part, plaintiff's claim for relief.

## SEVENTH AFFIRMATIVE DEFENSE

62. Defendant, Sikorsky, alleges that plaintiff's action may be governed and limited in whole, or in part, by the application of provisions of federal law and/or laws of various states, including, but not limited to the Louisiana Product Liability Act. La.R.S.9:2800.52, et seq and the Louisiana Civil Code Art. 2315, et seq.

## EIGHTH AFFIRMATIVE DEFENSE

63. Defendant, Sikorsky, alleges that plaintiff has failed to join necessary and indispensable parties to this action, and, therefore, joinder of these parties should be ordered, or, in the alternative, this action should be dismissed as to this defendant.

## NINTH AFFIRMATIVE DEFENSE

64. Defendant, Sikorsky, alleges that it made no warranties of any kind,

expressed or implied, to the plaintiff and/or decedent and that there was no relationship upon which any claim of implied warranty may be based.

### TENTH AFFIRMATIVE DEFENSE

65. Further answering, and in the alternative, defendant, Sikorsky, alleges that any alternative design which may be identified was not feasible in light of the reasonably available scientific, technological, environmental and operational knowledge available to defendant as of the time the product left the hands of the defendant and prior to the time of the accident made the basis of this litigation.

### ELEVENTH AFFIRMATIVE DEFENSE

66. Further answering, and in the alternative, defendant, Sikorsky, alleges that, should there be a finding of any defect regarding design, manufacture or warning concerning the subject helicopter, any such defect being specifically denied, defendant would show that it did not know, had no reason to know, and, considering the prevailing reasonably available scientific, operational, and technological knowledge as of the time of the design, manufacture and sale of said helicopter, could not have known of any such characteristic or characteristics which allegedly caused plaintiff's damages, or the potential for any such characteristics, nor could defendant have known or had reason to consider any alternative designs that may have thereafter been identified.

### TWELFTH AFFIRMATIVE DEFENSE

67. Pleading in the alternative, defendant, Sikorsky, states that, if Florida law is determined to apply, it is entitled to the State of the Art Defense provided in Florida

Statute § 768.1257.

### THIRTEENTH AFFIRMATIVE DEFENSE

68. Further, pleading in the alternative, should Florida law apply, the provisions of § 768.81, Florida Statues, are applicable to this matter, and therefore defendant, Sikorsky, is entitled to an apportionment of damages between all named and unnamed parties with liability to the plaintiff for the injuries and damages claimed herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

69. Moreover, pleading in the alternative, should Florida law apply, pursuant to § 768.76, Florida Statutes, this defendant is entitled to a setoff with respect to third party payments from statutorily defined collateral sources.

### FIFTEENTH AFFIRMATIVE DEFENSE

70. Further, pleading in the alternative, defendant, Sikorsky, states that in the event Florida law applies it is entitled to all of the rights, duties, benefits and obligations of the 1999 Florida Tort Reform Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

71. Pleading in the alternative, defendant, Sikorsky, states that the subject product complied with applicable governmental codes, rules, regulations, or standards and this defendant is entitled to a rebuttable presumption that the subject aircraft was not defective pursuant to § 768.1256, Florida Statues, if Florida law is determined to apply.

### SEVENTEENTH AFFIRMATIVE DEFENSE

72. Pleading in the alternative, defendant, Sikorsky, states that should Florida

law apply the plaintiff's claim for damages in this matter are governed by Florida's Wrongful Death Act, Florida Statute § 768.16. The plaintiff's claims for damages are controlled, limited, and/or barred by the provisions §§ 768.16-768.27, Florida Statues.

### EIGHTEENTH AFFIRMATIVE DEFENSE

73. Defendant, Sikorsky, presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses, and, as such, respectfully reserves the right to assert additional affirmative defenses in the event discovery indicates such would be appropriate.

### DEMAND FOR JURY TRIAL

74. Defendant, Sikorsky, is entitled to and specifically prays for trial by jury.

\* \* \* \* \*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the attached Service List. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non CM/ECG particpants.

    /s/ John B. Fricke, Jr.
JOHN B. FRICKE, JR.
Florida Bar No.: 901910
Wilson, Harrell, Farrington, Ford,
  Fricke, Wilson & Spain, P.A.
307 South Palafox Street
Pensacola, Florida 32502

                                            Tel.: (850) 438-1111
                                            Fax: (850) 438-0814
                                            Richard K. Christovich, LSB #4129
                                            Gregory S. Lacour - Bar #23823
                                            Kevin R. Tully - Bar #1527
                                            Christovich & Kearney, LLP
                                            601 Poydras Street, Suite 2300
                                            New Orleans, Louisiana 70130-6078
                                            Tel.: (504) 593-4202
                                            Fax.: (504) 561-5743
                                            Attorneys for Defendant Sikorsky Aircraft
                                            Corporation

## SERVICE LIST

Fredric G. Levin, Esquire  
Florida Bar No. 46840  
Virginia M. Buchanan, Esquire  
Florida Bar No. 793116  
Levin, Papantonio, Thomas, Mitchell,  
Echsner & Proctor, P.A.  
316 S. Baylen Street, Suite 600  
Pensacola, FL 32502  
Telephone: (850) 435-7023  
Facsimile: (850) 436-6023  
Email: vbuchanan@levinlaw.com  

L. Robert Bourgeois, Esquire  
Florida Bar No. 0781540  
Petra L. Justice, Esquire  
Florida Bar No. 0056109  
Banker, Lopez, Gassler, P.A.  
501 E. Kennedy Blvd., Suite 1500  
Tampa, FL 33602  
Telephone: (813) 221-1500  
Facsimile: (813) 222-3066  
Email: bbourgeois@bankerlopez.com  
Email: pjustice@bankerlopez.com  

Michael Ross Cunningham  
Rose, Walker, L.L.P.  
3500 Maple Avenue  
Suite 900  
Dallas, TX 75219  
Telephone: (214) 752-8600  
Facsimile: (214) 752-8700  
Email: rcunningham@rosewalker.com  

John G. Sams  
Brown, Dean, Wiseman, Proctor, Hart  
& Howell, L.L.P.  
306 West 7th Street  
Fort Worth Club Building, Suite 200  
Fort Worth, Texas 76102  
Telephone: (817) 332-1391  
Email: jsams@browndean.com

Juan R. Serrano, Esquire
Florida Bar No. 319510
Jonathan E. Ewing, Esquire
Florida Bar No. 40972
Griffin & Serrano, P.A.
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 462-4002
Facsimile: (954) 462-4009